# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-21 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL DESCHENES | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Daniel Deschenes' ("Deschenes") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i).  See Record Document 1058.  Deschenes also requests appointed counsel.  See id. at 5.  The Government has opposed Deschenes' motion.  See Record Document 1061.  Deschenes filed a reply and a supplemental brief.  See Record Documents 1064 & 1071.  For the reasons set forth below, Deschenes' Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

On November 9, 2011, a federal grand jury returned a fourth Superseding Indictment charging Deschenes and twenty-six other codefendants.  See Record Document 507.  Deschenes was named in Counts 1 through 3 of the Superseding Indictment.  See id.  Count 1 charged him and others with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252(A)(g).  See id.  Count 2 charged him with engaging in a conspiracy to advertise the distribution of child pornography, in violation of 18 U.S.C. § 2251(d)(1) and (e).  See id.  Count 3 charged him with engaging in a conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  See id.

On January 12, 2012, Deschenes entered a plea of guilty to Count 1.  See Record Documents 607, 609.  As part of his factual basis for the guilty plea, he admitted that he made 384 posts to the "Dream Board," an internet-based bulletin board used to facilitate the distribution of child pornography between its members.  See Record Document 609-3.  Deschenes stipulated that his level of membership on the Dream Board was that of Super VIP and that he primarily posted on the VIP videos forum.  See id.  Super VIP was the second highest level membership in the Dream Board.  See id.  Deschenes stipulated that on July 27, 2009, he knowingly published on the Dream Board internet bulletin board, an advertisement offering to distribute the file entitled "*14 inna custom nude sets!!*," which contained child pornography.  Id.  He stipulated that on September 22, 2009, he knowingly published on the Dream Board internet bulletin board an advertisement offering to distribute the file entitled "*299 candid nudies 4 to 10yrs old*," which contained child pornography.  Id.  Finally, he stipulated that on June 7, 2010, he knowingly published on the Dream Board internet bulletin board and advertisement offering to distribute the file entitled "*ulia5.avi*," which contained child pornography.  Id.  In May 2012, Deschenes was sentenced to 260 months imprisonment and a lifetime period of supervised release.  See Record Documents 674, 677.

Deschenes is currently incarcerated at Devens FMC.  His projected release date is May 4, 2029.

## LAW AND ANALYSIS

Deschenes seeks compassionate release due to his age, history of heart attacks and stint implantation, type 2 diabetes, coronary artery disease, obesity, irritable bowel syndrome, arthritic pain, bone spurs in his feet, and previous infection of COVID-19.  See

Record Document 1058 at 3-4.  He argues that these medical conditions make him particularly vulnerable to becoming seriously ill if he were to contract COVID-19 again.  See generally Record Document 1058.  Moreover, Deschenes submits that he is unable to take the COVID-19 vaccine due to his medical issues, as doing so may have life threatening consequences.  See id. at 4.

I.  **Appointment of Counsel**

Deschenes requests appointed counsel.  See Record Document 1058 at 5.  There is no constitutional right to appointed counsel in post-conviction proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987).  In relation to motions filed under 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Deschenes', "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." United States v. Joseph, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995).  "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." United States v. Mogan, No. 14-040, 2020 WL 2558216, at *4 n. 29 (E.D. La. May 20, 2020).  The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*.  See Joseph, 2020 WL 3128845, at *2.  Here, the interests of justice do not require that the Court appoint counsel for Deschenes.  The motion is not complex, and Deschenes demonstrated in his motion and supporting

memoranda that he is fully capable of representing himself on the matter *pro se*. Deschenes' request for appointment of counsel is **DENIED**.

## II.   Compassionate Release

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)   upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2)   "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3)   where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Deschenes moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before

filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Deschenes has exhausted his administrative remedies and the Court will proceed to the merits of his motion. See Record Document 1061 at 3, 4; see also Record Document 1061-2.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Deschenes' term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, 993 F.3d 388 (5th Cir. 2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at 393. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit

has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted

an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, the United States "acknowledges that the defendant's medical records present multiple risk factors identified by the [Centers for Disease Control] as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely coronary artery disease, hypertension, dyslipidemia, and obesity." Record Document 1061 at 10; see also Record Document 1061-1 (Medical Records). The United States further concedes "that these chronic conditions present a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." Id. Notwithstanding, the United States argues Deschenes is not entitled to relief because the Section 3553(a) facts weigh heavily against release. See id. at 11.

Here, this Court believes granting compassionate release would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The facts and circumstances of Deschenes' offense disfavor release. He was part of one of the largest and most egregious child exploitation enterprise prosecutions in the United States. See Presentence Investigation Report at ¶ 7. Deschenes admitted that he made 384 posts to the Dream Board. See id. at ¶ 14. He was a Super VIP member of Dream Board – the second highest level membership. See id. at ¶¶ 11, 14. Deschenes admitted to knowingly publishing on the Dream Board Internet Bulletin Board multiple advertisements offering to distribute child pornography. See id. at ¶¶ 15-17. Early release at this juncture simply would not represent just punishment, would not reflect the seriousness of Deschenes' sexual offense, and would not afford adequate deterrence to criminal

conduct. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct. Thus, the Motion for Compassionate Release is **DENIED** based on this Court's application of the Section 3553(a) factors.

## CONCLUSION

Based on the foregoing reasons, Deschenes' Motion for Compassionate Release (Record Document 1058) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of April, 2023.

_____
S. Maurice Hicks, Jr.
United States District Judge